# UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF ALABAMA

In re

SHUNACANICE LaSHASTA
WASHINGTON,

        Debtor.

_____

Case No. 11-32494-DHW
Chapter 13

SHUNACANICE LaSHASTA
WASHINGTON,

        Plaintiff,

v.

SHERMAN WILLIAMS
d/b/a SHERMAN'S AUTO REPAIR,

        Defendant.

Adv. Proc. No. 11-03079-DHW

## MEMORANDUM OPINION

On October 7, 2011, Shunacanice LaShasta Washington ("Washington") filed this adversary proceeding against Sherman Williams ("Williams") seeking damages for his alleged willful violation of automatic stay imposed by 11 U.S.C. § 362. Washington contends that, despite notice of her chapter 13 petition, Williams repossessed her vehicle and retains the vehicle to date.

This proceeding came on for trial on February 28, 2012. At trial, Washington was represented by counsel Vincent R. Ledlow, and Williams was represented by attorney Joseph W. Warren. Upon consideration of the facts and the law, the court concludes that the motion made by Williams for a judgment at the close of Washington's case-in-chief is due

to be granted.

## Jurisdiction

The court's jurisdiction in this dispute is derived from 28 U.S.C. § 1334 and from an order of the United States District Court for this district wherein that court's jurisdiction in title 11 matters was referred to the Bankruptcy Court. See General Order of Reference [of] Bankruptcy Matters (M.D. Ala. Apr. 25, 1985). Further, because an alleged violation of the automatic stay is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(G), this court's jurisdiction extends to the entry of a final order or judgment.

## Procedural Background

Washington filed the complaint against Williams, individually, doing business as Sherman's Auto Repair. Service of the complaint was made on Sherman Williams c/o Sherman's Auto Repair.

In his answer to the complaint, Williams stated that "Sherman Williams is not the proper defendant in this case. Debtor purchased the vehicle and financed it with Sherman Auto Sales which is an Alabama limited liability company." See Answer to Complaint, Doc. #5.

Prior to trial, Washington did not amend her complaint to name Sherman Auto Sales, LLC as a defendant. Neither did Williams file a motion to dismiss the complaint under Fed. R. Bankr. P. 7012.

At trial, as a preliminary matter, the court inquired of the parties' counsel whether the identity of the proper defendant remained an issue. Williams maintained that it was a continuing issue. Washington insisted that Williams, in his capacity as an agent for Sherman Auto Sales, LLC, was the proper defendant and that she was prepared to make that proof.

At the close of plaintiff Washington's case-in-chief, Williams moved for a judgment on the grounds that there had been no evidence that he,

2

individually, violated the automatic stay. The court took the motion for a judgment under advisement, and now, having decided to grant that motion, none of the evidence received after the close of the plaintiff's case-in-chief will be considered.

## Facts Presented by Washington

Washington filed a chapter 13 petition for relief in this court at 1:36 p.m. on September 28, 2011. Therein, she listed "Sherman Auto 2061 Blackshear Drive #A, Montgomery, Alabama 36108" as a creditor with a purchase-money security interest in her 2004 Chevrolet Malibu. See Schedule D - Creditors Holding Secured Claims.

On October 1, 2011, notice was given by first class mail to all listed creditors, including Sherman Auto at the listed address, of Washington's bankruptcy. See Doc. #10, Certificate of Service of Notice.

Beyond these few facts, of which the court takes judicial notice, Washington testified that she returned home from work in the 2004 Malibu shortly after 11 p.m. on October 5, 2011. When she awoke the next morning, on October 6, 2011, she discovered that her car was missing. She testified that she called the police to report her missing vehicle. However, the police report, if any, was not made part of the evidence at trial. Washington maintains that the repossession occurred sometime after 11 p.m. on October 5 and the time she awoke on October 6, 2011.

Washington admits that she did not actually observe the repossession of the vehicle and, therefore, does not know whether or not Williams personally participated in the repossession of the vehicle. Sometime after the car was repossessed, Washington telephoned Sherman Auto Sales, LLC, but she did not speak with Williams.

Further, Washington testified concerning damages that she had suffered as a result of the loss of her vehicle. Friends or co-workers have given her rides to work but at a charge of $20 each day. In

addition to these transportation costs and as a result of the loss of her car, Washington has been forced to take time off from her work.  Finally, Washington testified that two car seats, a CD clip, clothes, and shoes were in her vehicle and that she has not recovered the items.   No evidence of the value of these personal property items was presented.

Kendra Washington ("Kendra"), Washington's sister, testified that she lives in the same apartment complex as Washington.  Thus, she had opportunity to observe that Washington had possession of the Malibu for several days after she, Washington, filed for bankruptcy protection.  Yet, Kendra testified that Washington filed for bankruptcy not later than September 9, 2011.  As a result of Kendra's confusion as to the date of Washington's bankruptcy, her testimony adds nothing to the resolution of this matter.

## Conclusions of Law

The automatic stay is of such fundamental importance to our bankruptcy system that the law imposes sanctions against those that willfully violate its provisions.  The Bankruptcy Code provides:

> (k)(1) Except as provided in paragraph (2), an individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and in appropriate circumstances, may recover punitive damages.

11 U.S.C. § 362(k)(1).

Courts have found a "willful" violation of the automatic stay when the violator knew of the stay and intentionally committed the violative act, regardless of any specific intent to violate the stay.   Jove Engineering, Inc. v. I.R.S., 92 F.3d 1539, 1555 (11th Cir. 1996) (citing with approval Price v. United States, 42 F.3d 1068, 1071 (7th Cir. 1994); Parker v. Pioneer Credit Co. (In re Parker), 2007 WL 1889958 (Bankr. M.D. Ala. June 28, 2007); Hodge v. The Money Shop, LLC. (In re

Hodge), 367 B.R. 843, 847 (Bankr. M.D. Ala. 2007).

Therefore, in an adversary proceeding seeking damages for a willful violation of the automatic stay, the plaintiff bears the burden of proving that the defendant, with knowledge of the bankruptcy filing, undertook an act that violated the automatic stay.

At trial, no evidence was presented by the plaintiff that the defendant, individually or as an agent of another, violated the automatic stay.

## Conclusion

For these reasons, Williams' motion to dismiss made at the conclusion of Washington's case-in-chief is due to be granted. Pursuant to Fed. R. Bankr. P. 9021, an order will enter separately granting the defendant's motion to dismiss this adversary proceeding.

This decision necessarily leaves issues raised in this case undecided. For instance, the defendant's answer put at issue the correct defendant, the date of the repossession, and the date the defendant received notice of the bankruptcy. This court favors deciding a case on its merits whenever possible. In the instant case, that is just not possible.

Done this 8th day of March, 2012.

/s/ Dwight H. Williams, Jr.
United States Bankruptcy Judge

c: Debtor
   Vincent R. Ledlow, Attorney for Debtor
   Joseph W. Warren, Attorney for Sherman Williams

5